

Thomas C. Frost, Esq. (185187)
Craig H. Wendland, Esq. (254118)
THE FROST FIRM
110 West A Street, Suite 1100
San Diego, CA 92101
Telephone (619)822-1740
Facsimile: (619)822-1744

Attorneys for Petitioners

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re JAMS Arbitration Reference No. 1200051334: | Case No.: '20CV922 H WVG |
| BRIAN G. BERLAND, individually; LAURITA BERLAND, individually and as trustee and beneficiary of the IRA FBO Laurita Berland; VINCENT BERLAND, individually and as trustee and beneficiary of the IRA FBO Vincent Berland; ROXANE M. BLAKE, individually and as trustee and beneficiary of the IRA FBO Roxane M. Blake; AARON BOLLIG, individually; STEVE BURNS, individually; TROY E. BURNS, individually; MICHAEL CAREY, individually; PATRICK CAREY, individually; MICHAEL CARPENTER, individually and as trustee and beneficiary of the Michael L Carpenter Self-Directed Roth IRA; SONYA CARPENTER, individually and as trustee and beneficiary of the Sonya L. Carpenter Self-Directed Roth IRA; MERRILL CONANT, individually and as trustee and beneficiary of the IRA FBO Merrill Ray Conant; ROSS EDWARDS, individually and as trustee and beneficiary of the IRA FBO Ross Edwards; KEVIN FRALICK, individually; TOM GAWLICK, individually; JUSTIN JONES, individually; WILLIAM KALAHURKA, individually and as trustee and beneficiary of the William N. Kalahurka Self-Directed Roth IRA; JEFFREY MENZIE, individually; PAMELA MENZIE, individually; PROGENEX INVESTMENT GROUP, LLC, a | **PETITION TO CONFIRM TEMPORARY RESTRAINING ORDER ISSUED BY ARBITRATOR** *NUNC PRO TUNC* |

1

Missouri limited liability company; D. PAUL RITTMAN, individually and as trustee and beneficiary of the IRA FBO D. Paul Rittman; DAVID SCHMIDT, individually; SCOTT SCHNEIDER, individually; MARK SHIELDS, individually, THE SHIELDS GROUP, LLC, a Missouri limited liability company; MICHAEL SPEER, individually; DENNIS STANLEY, individually; GAIL STANLEY, individually; RONNIE STANLEY, individually and as trustee and beneficiary of the IRA FBO Ronnie Stanley; RANDY STATEN, individually and as trustee and beneficiary of the IRA FBO Randy Staten; GINA STATEN, individually and as trustee and beneficiary of the IRA FBO Gina Staten; CURTIS L. THOMAS, individually and as trustee and beneficiary of the IRA FBO Curtis L. Thomas; NANCY L. THOMAS, individually and as trustee and beneficiary of the IRA FBO Nancy L. Thomas; CAROL THOMECZEK, individually; WILLIAM D. TURLEY, individually and as trustee and beneficiary of the IRA FBO William D. Turley; SHERI TURLEY, individually and as trustee and beneficiary of the IRA FBO Sheri Turley; GAVIN UNRUH, individually and as trustee and beneficiary of the IRA FBO Gavin Unruh; KIMBERLY UNRUH, individually and as trustee and beneficiary of the IRA FBO Kimberly Unruh; ANNETTA VAHSHOLTZ, individually; DENNIS VAHSHOLTZ, individually and as trustee and beneficiary of the IRA FBO Dennis A. Vahsholtz; RICHARD WEISER, individually and as trustee and beneficiary of the IRA FBO Richard Weiser; ROGER WINTER, individually and as trustee and beneficiary of the IRA FBO Roger B. Winter; TIMOTHY C. WINTER, individually and as trustee and beneficiary of the IRA FBO Timothy C. Winter; JIMMY WOODWARD, individually and as trustee and beneficiary of the IRA FBO Jimmy Lance Woodward; LARRY WOODWARD, individually; MARK ZORTMAN, individually and as trustee and beneficiary of the IRA FBO Mark Anthony Zortman; ANITA ZORTMAN, individually and as trustee and beneficiary of the IRA FBO Anita Jean Zortman;

THE FROST FIRM
110 West A Street, Suite 1100
San Diego, CA 92101
TELEPHONE (619) 822-1740 · FACSIMILE (619) 822-1744

|   |
|---|
| Petitioners, |
| vs. |
| THE CONCLAVE, LLC, a Wyoming limited liability company; PROGENEX HOLDINGS, LLC, a Wyoming limited liability company (f/k/a VenturePharma, LLC); RIVERPINE, LLC, a Wyoming limited liability company; DAGOBAH, LLC, a Wyoming limited liability company; PAGE10 VENTURES, LLC, a Wyoming limited liability company; RYAN PAGE, an individual; and STEVE SHAMION, an individual, |
| Respondents. |

In accordance with 9 U.S.C. §9, Petitioners BRIAN G. BERLAND, LAURITA BERLAND, VINCENT BERLAND, ROXANE M. BLAKE, AARON BOLLIG, STEVE BURNS, TROY E. BURNS, MICHAEL CAREY, PATRICK CAREY, MICHAEL CARPENTER, SONYA CARPENTER, MERRILL CONANT, ROSS EDWARDS, KEVIN FRALICK, TOM GAWLICK, JUSTIN JONES, WILLIAM KALAHURKA, JEFFREY MENZIE, PAMELA MENZIE, PROGENEX INVESTMENT GROUP, LLC, D. PAUL RITTMAN, DAVID SCHMIDT, SCOTT SCHNEIDER, MARK SHIELDS, THE SHIELDS GROUP, LLC, MICHAEL SPEER, DENNIS STANLEY, GAIL STANLEY, RONNIE STANLEY, RANDY STATEN, GINA STATEN, CURTIS L. THOMAS, NANCY L. THOMAS, CAROL THOMECZEK, WILLIAM D. TURLEY, SHERI TURLEY, GAVIN UNRUH, KIMBERLY UNRUH, ANNETTA VAHSHOLTZ, DENNIS VAHSHOLTZ, RICHARD WEISER, ROGER WINTER, TIMOTHY C. WINTER, JIMMY WOODWARD, LARRY WOODWARD, MARK ZORTMAN, and ANITA

ZORTMAN by and through their counsel, The Frost Firm, moves this Court to confirm interim relief in the form of injunctive relief (the "TRO") issued by an Arbitrator, Hon. Margaret A. Nagle (Ret.) (the "Arbitrator"), in relationship to JAMS Arbitration Reference No. 1200051334 (the "Arbitration"), as the Order of this Court, *Nunc Pro Tunc* to the date the injunction was communicated to the Respondents. 9 U.S.C. § 9; *Stater Bros. Markets v. International Broth. of Teamsters, Local 63 ex rel. Lukenbill* (C.D. Cal., July 3, 2013, EDCV 13-0637 V AP OPX) 2013 WL 3449761, citing 9 U.S.C. § 9; *Carter v. Health Net of Cal., Inc.*, 374 F.3d 830, 833 (9th Cir.2004) ("A federal court has power to confirm and enter judgment on an arbitration award where (1) independent federal jurisdiction exists and (2) the parties have so provided in their agreement.").

A true and correct copy of the TRO is attached and concurrently lodged with the Court as Exhibit 1 to the Declaration of Thomas C. Frost In Support Of The Petition To Confirm Arbitral Order Granting Interim Relief ("Frost Decl.").

Petitioners are a group of investors who invested in the various companies which own and manage the "Progenex" brand of fitness supplements. The Respondents are a group of management and holding companies (and their principals) which unilaterally manage or managed the brand and enterprise.

This Court has independent federal jurisdiction to confirm the Arbitrator's TRO because Petitioners alleged Federal Statutory Claims in the underlying Arbitration, including alleged violations the anti-fraud provisions of the Federal Securities and Exchange Act. The Federal Statutory claims alleged in the underlying Arbitration raise exclusively federal questions. 28 U.S.C. §1331. Additionally, diversity jurisdiction exists over the dispute under 28 U.S.C. §1332(a), as Respondents all are citizens of Utah and Wyoming whereas Petitioners all are citizens of other states. Venue is proper in this Court because the hearings on the underlying Arbitration took place in San Diego County, California.

The Arbitration arises out of and relates to the private securities offerings and subsequent reorganization of entities operating the "Progenex" brand of athletic nutritional supplements. The Progenex enterprise is operated through a conglomerate of Wyoming limited liability companies, each with virtually identical operating agreements containing identical arbitration agreements requiring the parties to submit all disputes arising out of or relating to the operating agreements to JAMS Arbitration. The parties hereto also all entered into post-dispute "arbitration submission agreements," whereby all parties agreed to submit the underlying dispute between and among the Petitioners and Respondents to JAMS Arbitration.

JAMS Comprehensive Arbitration Rule 24 allows the Arbitrator to grant whatever interim relief, including injunctive relief, the Arbitrator deems necessary for the protection and conservation of property in the Arbitration:

> "24(e) Interim Measures. The Arbitrator may grant whatever interim measures are deemed necessary, including injunctive relief and measures for the protection or conservation of property and disposition of disposable goods. Such interim measures may take the form of an interim or Partial Final Award, and the Arbitrator may require security for the costs of such measures. Any recourse by a Party to a court for interim or provisional relief shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate."

The arbitration agreements between and among the parties also provided that any party may seek and be granted by a court of competent jurisdiction a provisional remedy, including injunctive relief and a receivership, if necessary and appropriate:

> "16.2 Provisional Remedy. Each of the parties reserves the right to file with a court of competent jurisdiction an application for temporary or preliminary injunctive relief, writ of attachment, writ of possession, temporary protective order and/or appointment of a receiver on the grounds that the arbitration award to which the applicant may be entitled may be rendered ineffectual in the absence of such relief."

The Operating Agreements of the various Progenex LLC's also allow for immediate injunctive relief and decrees of specific performance if deemed necessary and appropriate.

> "17.10 Specific Performance. The Members agree that irreparable damage will result if this Agreement is not performed in accordance with its terms, and the Members agree that any damages available at law for a breach of this Agreement would not be an adequate remedy. Therefore, the provisions hereof and the obligations of the Members hereunder shall be enforceable in a court of equity, or other tribunal with jurisdiction, by a decree of specific performance, and appropriate injunctive relief may be applied for and granted in connection therewith. Such remedies and all other remedies provided for in this Agreement shall, however, be cumulative and not exclusive and shall be in addition to any other remedies that a Member may have under this Agreement, at law or in equity."

In late 2015, a dispute arose between the investors and management of the Progenex enterprise, related to a "consolidation" of the enterprise which resulted in the transition and modification (and reduction) of the investors' ownership interests in the business, and the vastly increased ownership interests and powers granted to the management team. On January 27, 2016, the Petitioners initiated the underlying Arbitration before JAMS, designated JAMS Reference No. 1200051334. Subsequently, the parties hereto all executed JAMS "Submission Agreements" in April, 2016, whereby the parties expressly agreed to submit the underlying dispute to JAMS Arbitration.

After evidentiary hearings had been concluded but before the issuance of a Final Award, Petitioners further alleged Respondents had conspired with other members of the Progenex management team to implement a fraudulent "non-judicial-foreclosure event," in which Respondents endeavored to convert for their own use and enjoyment 100% of the Progenex assets and intellectual property, at Petitioners' sole cost and expense.

On or about December 20, 2019, as the Arbitrator was completing her Final Award, the Arbitrator was made aware of certain urgent developments related to the Progenex business and entities related to these allegations which likely would affect the status quo of the parties and/or conservation of property and assets that are the subject of the Arbitration.

These developments included: (1) The unilateral empowered "Manager" of the Progenex enterprises (Ryan Page) had terminated counsel for the Progenex enterprises in various third-party litigations without notice to the Arbitrator or investors, which has now resulted in Progenex's multi-million-dollar default(s) in those third-party litigations; and (2) a troubling and multi-million dollar capital call issued against the shareholders of Progenex by Mr. Page immediately before the Christmas holidays which was noticed to be spent in whatever method Mr. Page desired, (3) a foreclosure effort that had been effectuated by an (allegedly) third-party entity named Mulligan Partners, LLC over the Progenex brand intellectual property and other valuable assets;[1] and (4) a Public Auction had been noticed immediately after the above-referenced capital call, and was held on December 30, 2019, in which the assets of the Progenex enterprise had already been taken pursuant to the credit bid by Mulligan Partners, LLC, (5) the beneficial interest of the foreclosure loans, reportedly around $4,200,000 at the time of the foreclosure, was held by Mulligan Partners, LLC; (6) Mulligan Partners LLC, according to the Wyoming Secretary of State, was formed on December 19, 2019, less than two weeks prior to the sale; (7) Mulligan Partners LLC was formed by its "organizer" Matthew Page, the younger brother of Respondent Ryan Page; and (8) and assets of Progenex's principal operating entity (Matrix Solutions, LLC) were sold off to third a party or parties for an otherwise undisclosed amount, apparently claimed as "secured debt" to the Page family.

On January 24, 2019, certain Claimants filed an Emergency Equitable Motion with the Arbitrator, and on January 27, 2020, the Arbitrator orally issued a Temporary Restraining Order and an accounting, which was immediately conveyed by Respondents' counsel to the Respondents. Frost Decl., ¶5, Ex. 2.

The Arbitrator reopened hearings related to the issue following these developments. The Arbitrator convened numerous immediate telephonic conferences

---

[1] A "mulligan" is a golf reference, referring to a "do-over" or a "second chance to perform an action, usually after the first chance went wrong through bad luck or a blunder." Wikipedia, https://en.wikipedia.org/wiki/Mulligan_(games) (last accessed 5/14/2020).

to determine what was occurring, and demanded Mr. Page immediately provide in-person or video testimony on the subject. This demand was ignored by Respondents.

The Arbitrator concurrently issued the enclosed formal Temporary Restraining Order barring certain transitions of assets or otherwise failing to provide information regarding an accounting. Frost Decl., ¶4, Ex. 1. The Arbitrator expressly Ordered the Respondents to include and warn Mulligan Partners, LLC, of the issuance of the TRO, should it be determined that this company (or any other related individual) included one or more "persons and/or entities acting under Respondents' direction and/or in concert with Respondents" (all of which were similarly enjoined). Frost Decl., ¶¶ 4-5, X, Exs. 1-2.

It has come to the attention of Claimants that Mr. Page and his brother, Matthew Page, and their entity, Mulligan Partners, LLC, now oppose the TRO and take the position that Mulligan Partner's, LLC, is not restricted by the Arbitrator's TRO and interim relief.

Petitioners/Claimants seek confirmation of the Arbitrator's January 27, 2020, interim relief, *nunc pro tunc*, and request the Court otherwise assert jurisdiction over the parties related to the TRO with respect to the ongoing Arbitration proceedings, as necessary and appropriate, pending the issuance and confirmation of a Final Award adjudicating all claims as to all parties to the Arbitration. 9 U.S.C. §9.

A motion to confirm an arbitration award is "intended to be a summary proceeding that merely makes the arbitrators' award a final, enforceable judgment of the court." *Hannibal Pictures v. Les Films de l'Elysee* (C.D. Cal., Dec. 18, 2012, CV 12-6434 CAS JCGX) 2012 WL 6608595 *2 quoting *Menke v. Monchecourt*, 17 F.3d 1007, 1009 (7th Cir.1994); see also *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110.

### PRAYER FOR RELIEF

WHEREFORE, the Petitioner prays that this honorable Court

    A.    Set this petition for hearing; and

B. Sign an order at such hearing confirming the interim relief issued on January 27, 2020 by Hon. Margaret A. Nagle (Ret.) as an enforceable Order of this Court.

DATED: May 15, 2020

Submitted by,

THE FROST FIRM
THOMAS C. FROST

/s/ Thomas C. Frost /s/
_____
THOMAS C. FROST

110 West A Street, Suite 1100
San Diego, CA 92101
Telephone: 619-822-1740
Facsimile: 619-822-1741

*Attorneys for Petitioners*