Ryan B. Bell (*pro hac vice*)
R. Jeremy Adamson (251380)
Robert Harrington (*pro hac vice*)
Michelle Quist (261751)
**KUNZLER BEAN & ADAMSON, PC**
50 West Broadway, 10th Floor
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
rbell@kba.law
jadamson@kba.law
rharrington@kba.law
mquist@kba.law

*Attorneys for Respondents Ryan Page, Dagobah, LLC, and Page10 Ventures, LLC*

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN G. BERLAND, et al.<br><br>Petitioners,<br><br>v.<br><br>THE CONCLAVE, LLC, et al.,<br><br>Respondents. | Case No.: 20-cv-922-H-WVG<br><br>**PAGE RESPONDENTS' REPLY MEMORANDUM IN SUPPORT OF PETITION FOR CONFIRMATION OF INTERIM AWARD AS FINAL AWARD**<br><br>Date: September 14, 2020 Time: 10:00 a.m.<br>Courtroom: 15A<br>Judge: Hon. Marilyn L. Huff |

Respondents Ryan Page, Dagobah, LLC, and Page10 Ventures, LLC, (collectively, "the Page Respondents") respectfully submit through undersigned counsel this Reply Memorandum In Support of their Petition for Confirmation of Interim Award as Final Award (the "Final Award Petition").

## MEMORANDUM OF POINTS AND AUTHORITIES

The two Oppositions to the Final Award Petition filed by the Arbitration claimants (herein, "Claimants") are largely a rehash of the Petitioners' Motion to Dismiss (Dkt. 18), premised on arguments of timeliness, jurisdiction, and whether the Interim Award was in sufficiently final form. Those Oppositions fail to acknowledge the most glaring and dispositive issue of timeliness and jurisdiction of all—that the operative arbitration provision mandated that any arbitration between the parties should be completed in 90 days. After over 1,500 days, the arbitration proceedings have not closed, despite the fact that the Arbitrator has issued an Interim Award that decided the substantive claims at issue on the merits.

The Oppositions are without merit for three straightforward reasons. First, the weight of authority analyzing the Federal Arbitration Act ("FAA") provides that petitions to confirm, like the one at issue here, may be brought after one year from entry of the award, and that such petitions may be subject to equitable tolling in any event. Second, the Interim Award was sufficiently "final" for entry of a Final Award. Indeed, it resolved "the merits" of the substantive claims at issue and the "open issues" referenced in the Oppositions can be easily resolved, just as similar items are often tied up in litigation after entry of judgment. Indeed, some of those "open issues" are Third Party Respondent's failure to abide by the Interim Award and pay his share of the JAMS arbitration fees. And the Oppositions fail to cite to *any* authority that such minor "open issues" should forestall entry of a final award.

The need for entry of a Final Award has taken on heightened exigency just this week. Days prior to this filing, the Arbitrator invited the Claimants in the Arbitration to file a Motion for Leave to Amend their Statement of Claims to include *entirely new claims* relating to the non-judicial foreclosure event that occurred in December 30, 2019 (the "Foreclosure Event")—over four years after

the arbitration began. This is clear evidence that jurisdictional limits have been disregarded and that the Arbitration will end only via Court intervention, or years of further protracted proceedings. The arbitration proceeding has already lasted over sixteen times longer than the timeframe agreed to by the parties and threatens to continue far into the future with no end in sight unless this Court grants relief. The Final Award Petition should be granted.

## I. THE FINAL AWARD PETITION IS TIMELY.

The principal argument of both Oppositions is that the Final Award Petition is untimely under Section 9 of the FAA. (Entity Petitioner and Third-Party Respondent's Opposition at 4–6; Petitioners'/Cross-Respondents' Opposition at 3–4.) But that argument fails for the reasons set forth in the Page Respondents' Memorandum of Points and Authorities In Opposition to Motion to Dismiss Page Respondents' Petition for Confirmation of Interim Award as Final Award (Fed. R. Civ. P. 12(b)(1) and 12(b)(6)), (Dkt. 23, at 5–9), which the Page Respondents herein incorporate by reference. Specifically, the weight of authority provides that the one-year language in Section 9 of the FAA is permissive, not mandatory, and accordingly does not serve as a time bar to petitions like the Final Judgment Petition. Additionally, the Final Award Petition is timely under the doctrine of equitable tolling, which the Ninth Circuit has held applies to the FAA.

The Petition has taken on new importance in recent days. In a hearing held before the Arbitrator on September 4, the parties discussed whether Claimants are actually seeking to proceed in that matter based on entirely new claims. The Arbitrator responded by granting Claimants leave to file a motion seeking leave to amend their years-old Statement of Claims, to add new allegations regarding the December 2019 capital call and foreclosure of Progenex's assets. In other words, the Arbitrator is now considering permitting the addition of new claims premised on events that took place nearly a year after

issuance of the Interim Award, and several years after the hearings in this matter. This set of circumstances provides additional basis for the Court to step in and bring the Arbitration proceedings to an end, rather than allowing new delays that will extend the proceeding yet further from the agreed-upon 90-day arbitration period.

## II. THE INTERIM AWARD IS IN SUFFICIENT FORM FOR ENTRY AS A FINAL AWARD BECAUSE IT DISPOSES OF THE CLAIMS AT ISSUE ON THE MERITS.

Claimants err in suggesting that a handful of loose ends must impede the proper finalization of the Interim Award. Their argument relies on false premises, both as a matter of law and with regard to the specific items that allegedly remain open.

In pointing out that a handful of items have not yet been finalized, Claimants fail to cite any authority on the effect of such loose ends. Their implied premise—that any detail left undecided must prevent finalization of an award—is unsupported and is contrary to judicial authority. "[A]n arbitration award that fully disposes of a separate and independent claim is final for purposes of confirmation under the Act even if other claims remain pending." *Home Ins. Co. v. RHA/Pennsylvania Nursing Homes, Inc.,* 127 F.Supp.2d 482, 487 (S.D.N.Y. 2001).

The cases cited by the Page Respondents in their petition make this clear, and yet Claimants have made no response to such citations. In *Greenspan v. LADT, LLC,* a California Court of Appeal reviewed an Interim Award that had been issued by an Arbitrator. Because the later Final Award was entered after JAMS deadlines had expired, the question arose whether the Interim Award could be construed as a final award. The Court concluded (in what turned out to be dicta, as it ultimately deferred to the Arbitrator on a dispositive point of procedure) that the Interim Award could be construed as a final award, because

"[i]t disposed of nearly all issues and established a schedule to govern the rest of the arbitration, including the deadlines for additional briefs and the final award." *Greenspan v. LADT, LLC,* 185 Cal. App. 4th 1413, 1450-51, 111 Cal. Rptr. 3d 468, 498 (2010). Crucially, it reached this conclusion despite the fact that the Interim Order left a number of issues undetermined, including payment of attorney fees, modification of an escrow account, and others. *Id.* at 1431.

The Utah Court of Appeals reached a similar result in *Denison Mines (USA) Corp., v. KGL Assocs., Inc.,* 2016 UT App 171, ¶ 21, 381P.3d 1167, 1174. In *Denison Mines,* the Arbitrator was required to issue an award on the merits by a certain deadline. Since the Arbitrator only issued an Interim Award, one of the parties challenged the timeliness of the Arbitrator's decision. The Court of Appeals reviewed the Interim Award, and found that it was "on the merits," since it decided the issues submitted "as a matter of substance rather than on procedural grounds." As in the instant case, the Interim Award in that case left some issues unsettled, with provisions for resolving the outstanding matters. *Id.* ¶15. Regardless, because the award decided the central claims on the merits, it operated as a final award. Various other courts have reached the same conclusion: when an interim award reaches substantive conclusions on a significant portion of the claims being arbitrated, that award may be treated as final and submitted for judicial review. *See, e.g., Crawford Grp., Inc. v. Holekamp,* No. 406-CV-1274 CAS, 2007 WL 844819 (E.D. Mo. Mar. 19, 2007) (concluding that interim award could be treated as final where it "reached a final determination on the merits with respect to the most significant issues.").

Taking all of the relevant authorities together, what these cases *never* focus on is whether there remain additional procedural or secondary issues to be decided after issuance of the award. It is often the case that such issues exist, even where a court determines that an interim award is reviewable and confirmable. Indeed, the JAMS Comprehensive Rules themselves contemplate

final awards that do not resolve all of the issues, since they permit the Arbitrator to issue a "Final Award or a Partial Final Award" in arbitration matters. *See* JAMS Comprehensive Rules, Rule 24.[1] Accordingly, Claimants' proposition, that minor unresolved issues should prevent confirmation, is unsupported. The appropriate way to deal with such items is to confirm the Interim Award as final, and then impose a final deadline for tying up remaining open issues.

Regardless of the legal posture governing confirmation of interim awards, the specific matters addressed by Claimants could never provide a basis to hold up confirmation of the Arbitrator's Interim Award. On all of the items listed by Claimants as remaining open, the parties have already made their submissions, in the Spring/Summer of 2019. If the Court confirms the Interim Award as final, it is a simple matter to instruct the Arbitrator to wind up the remaining items, based on submissions already before her. This is not an impediment to confirming the many significant, substantive rulings made by the Arbitrator (and never revised) in the Interim Award. Moreover, some of the items listed by Claimants make no sense as reasons to further delay confirmation. One of those items is the fact that Cameron Verdi—one of the parties now arguing for delay—has failed to pay his share of arbitration fees, a failure that persists to this day. For Mr. Verdi to use his non-payment of fees as a basis to now argue that the Arbitration cannot end is a transparent ruse. Finally, the Arbitrator's request for corrections can no longer detain the parties. They made their submissions in March, and the Arbitrator has stated in numerous conferences that she has no intention of making significant changes, beyond a handful of tweaks, to the Interim Order. There is simply no basis to permit further delays. The Interim Award should be confirmed.

### III.    THIS COURT HAS JURISDICTION TO ORDER ENTRY OF A FINAL AWARD WITHIN A SET TIME.

---

[1] Jamsadr.com/rules-comprehensive-arbitration/#Rule-24

**REPLY MEMORANDUM IN SUPPORT OF PETITION FOR CONFIRMATION OF INTERIM AWARD AS FINAL AWARD**

Finally, Claimants argue that this "Court does not have jurisdiction to Order the Arbitrator to issue the award on a different timeframe than that agreed upon by the parties." (Petitioners'/Cross Respondents' Opposition at 4–6.) But this argument, too, fails for the reasons explained in the Page Respondents' Memorandum of Points and Authorities in Opposition to Motion to Dismiss, (Page Respondents' Opposition to Motion to Dismiss, Dkt. 23, at 9–11), which the Page Respondents incorporate herein by reference. Claimants state that JAMS Rules require the issuance of an award "within thirty days of the close of the Hearing," (*id.*), but they overlook completely that arbitration provision's clear mandate that any arbitration should be completed within ninety days. The entry of a Final Award, or Order that such Final Award be entered within a specific time, is much more consistent with that agreement of the parties than the prolonged and seemingly endless proceedings contemplated by the Petitioners.

## CONCLUSION

For the foregoing reasons, Page Respondents respectfully request that the Court deny grant the Final Award Petition.

DATED this 8th day of September 2020.

KUNZLER BEAN & ADAMSON, PC

*/s/ Michelle Quist*
*Attorneys for Respondents Ryan Page, Dagobah, LLC, and Page10 Ventures, LLC*

# CERTIFICATE OF SERVICE

Notification has been sent to all parties who have made an appearance in this matter through the Court's ECF system.

The undersigned certifies that copies of the foregoing document have been emailed to the following:

| | |
|---|---|
| Steven Shamion<br>442 S. Wide River Road<br>Post Falls, Idaho  83854<br>slshamion@gmail.com<br><br>*Attorneys for Respondents RiverPine, LLC and Steven Shamion* | Brian C. Johnson<br>STRONG & HANNI<br>102 South 200 East, Suite 800<br>Salt Lake City, UT  84111<br>bjohnson@strongandhanni.com<br><br>*Attorneys for Respondents The Conclave LLC and Progenex Holdings, LLC* |

　　　　　　　　　　　　　　/s/ Dana Marie Schanuel
　　　　　　　　　　　　　　Dana Marie Schanuel