UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN G. BERLAND, et al.,<br><br>　　　　　　　　　Petitioners,<br><br>v.<br><br>THE CONCLAVE, LLC, et al.,<br><br>　　　　　　　　　Respondents. | Case No.: 3:20-cv-00922-H-WVG<br><br>**ORDER DENYING PAGE RESPONDENTS' MOTION TO VACATE ARBITRATOR'S APPOINTMENT OF RONNIE STANLEY**<br><br>[Doc. Nos. 74, 83.] |

　　　On June 24, 2021, the Page Respondents filed a motion to vacate the Arbitrator's appointment of Ronnie Stanley as provisional manager of Progenex Holdings, LLC. (Doc. No. 74.) On August 9, 2021, Progenex Holdings, LLC filed its opposition to the motion. (Doc. No. 78.) On August 23, 2021, the Page Respondents filed their reply. (Doc. No. 82.)[1] On July 16, 2021, the Court took the matter under submission. (Doc. No. 77.)

---

[1]　　With their reply, the Page Respondents also filed an untimely request for leave to file an overlength reply brief. (Doc. No. 83.) The Court grants the request but encourages the parties to file requests for extensions and leave to file excess pages more than just one business day before the briefing in question is due. (See Doc. Nos. 75, 79, 83.)

1

The Court has reviewed the Page Respondents' motion to vacate the Arbitrator's appointment of Ronnie Stanley as the provisional manager of Progenex Holdings, LLC, and concludes the Arbitrator's non-final order is not reviewable by this Court. It is not the role of district courts to provide appellate review of every individual order issued during an arbitration; such a system would significantly increase the costs and time associated with arbitration, rendering the advantages of arbitration over traditional litigation meaningless. See <u>Millmen Local 550, United Broth. of Carpenters and Joiners of Am., AFL–CIO v. Wells Exterior Trim</u>, 828 F.2d 1373, 1375 (9th Cir. 1987) ("To allow judicial intervention prior to the final award . . . would interfere with the purpose of arbitration: the speedy resolution of grievances without the time and expense of court proceedings."). The reasoning of <u>Pacific Reinsurance</u> is not applicable to the Arbitrator's appointment order because, unlike the Arbitrator's preliminary injunction, the appointment order is not a "temporary equitable order[] calculated to preserve assets or performance needed to make a potential final award meaningful." <u>Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.</u>, 935 F.2d 1019, 1023 (9th Cir. 1991). In addition, even if it were reviewable, the Court declines to alter the Arbitrator's appointment of Ronnie Stanley. The Court notes that a corporation cannot appear pro se, so the Court believes it is reasonable to appoint a provisional manager. The Court accordingly denies the Page Respondents' motion to vacate the Arbitrator's appointment of Ronnie Stanley.

**IT IS SO ORDERED.**

DATED: August 24, 2021

*/s/ Marilyn L. Huff*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT